FLINTEX OIL COMPANY, Appellant,

v.

Roy GUILLORY, Appellee.

No. 3534.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1960.

758

from a collision between his automobile and the defendant's truck. The accident happened in Harris County. Flintex Oil Company was a resident of Colorado County. It filed a plea of privilege to be sued there. Its plea was overruled and it has appealed.

It was agreed that the defendant's residence was in Colorado County; that the driver of defendant's truck was an employee of defendant acting within the course of his employment at the time of the accident. The only venue issues in controversy were whether the defendant was guilty of negligence which was a proximate cause of plaintiff's injury.

We are constrained to sustain point one to the effect that the court erred in refusing to consider defendant's evidence and pass on the credibility of the witnesses and the weight to be given their testimony relative to negligence and proximate cause. It is evident from the entire record that the case was tried on an erroneous theory. The court consistently ruled that under exception 9a to Article 1995 in order to maintain venue in Harris County it was necessary only for plaintiff to introduce evidence sufficient to raise an issue of fact as to defendant's negligence and that such negligence was a proximate cause of plaintiff's injury. The court repeatedly unequivocally ruled that under said exception he could not pass upon the credibility of the witnesses and stated that if plaintiff's evidence raised said issues he was required to overrule defendant's plea, even if the court disbelieved plaintiff's testimony in its entirety. After repeatedly so ruling, at the close of the testimony, without permitting argument or taking the case under advisement, the court overruled defendant's plea.

Baker, Botts, Andrews & Shepherd, Houston, for appellant.

Talbert, Giessel, Cutherell & Barnett, Houston, for appellee.

GRISSOM, Chief Justice.

Roy Guillory sued Flintex Oil Company in Harris County for damages resulting

The court's ruling was erroneous. The case was disposed of upon an erroneous theory of the law. Exception 9a to Article 1995 expressly provides that it is necessary for a plaintiff to establish the venue issues here in question "by the preponderance of the evidence." See also Compton

v. Elliott, 126 Tex. 232, 88 S.W.2d 91 and Lynch v. Millican, Tex.Civ.App., 304 S.W. 2d 410. Appellee's reply to appellant's point one is based upon the contention that the court in making the erroneous statements and rulings heretofore mentioned was talking about appellant's motion for an "instructed verdict". A careful study of the entire statement of facts completely refutes that contention.

. [1] If the evidence raised said venue issues, appellant was entitled to have the court decide whether it was negligent and, if so, whether such negligence was a proximate cause of appellee's injury. In so deciding, it was the duty of the court to consider the appellant's evidence and pass on the credibility of the witnesses and the weight to be given their testimony. The application of an erroneous theory of law deprived appellant of its only defenses. Walker v. Mitchell, Tex.Com.App., 255 S. W. 1106, 1108; Ladd v. Whitledge, Tex. Civ.App., 205 S.W. 463, 464, (Writ Ref.); Edwards v. West Texas Hospital, Tex.Civ. App., 89 S.W.2d 801, 817, (Writ Dis.); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 662; Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178, 179; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 799.

However, if we should be in error in holding that the court did not consider the defendant's evidence or pass on the credibility of the witnesses and the weight to be given their testimony, because the record contains purported findings of fact and conclusions of law, permitted but not required by R.C.P. 385(e), which could have been consistently made if the court had considered and passed on such matters, then we sustain point number 4. Said point is that the purported findings that defendant was guilty of negligence and that such negligence was a proximate cause of plaintiff's injury are so contrary to the overwhelming weight and preponderance of all the evidence that they are clearly wrong. In compliance with the rule applicable to

that point prescribed by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and Tudor v. Tudor, Tex.Civ. App., 314 S.W.2d 793, we have weighed and considered all the evidence and sustain point four.

With the court ruling that only the plaintiff's evidence should be considered in determining the venue issues, it is probable that the plaintiff did not present all the evidence available. We think justice will be better served by a remand than by rendition of judgment. The judgment is reversed and the cause is remanded for another trial.