**REHKOPF & CO., Inc., et al., Appellants,**

**v.**

**Dollie A. RAINEY, Appellee.**

**No. 13621.**

Court of Civil Appeals of Texas.

Houston.

Feb. 2, 1961.

Rehearing Denied Feb. 23, 1961.

Ramey, Brelsford, Hull & Flock, Tyler, Donald Carroll, Tyler, of counsel, for appellants.

James R. Paxton, Reeves & McDonald, B. R. Reeves, Palestine, for appellee.

COLEMAN, Justice.

This is an appeal from the judgment of the District Court of Anderson County, Texas, overruling appellants' plea of privilege asking that the suit be transferred to Bowie County, the county of residence of Rehkopf & Co., one of the defendants below.

Appellants present two points of error: (1) that there was "no evidence to support the implied finding that appellants' negligence was the proximate cause of appellee's injuries," and (2) that there was "insufficient evidence to support the implied finding that appellants' negligence was a proximate cause of appellee's injuries."

Appellee relies on Subsection 9a of Article 1995, Revised Statutes of Texas, to sustain venue in Anderson County. No findings of fact were requested or filed by the Trial Court. Appellants do not question the sufficiency of the evidence to sustain all necessary venue facts except that defendant's negligence was the proximate cause of the collision and resulting damage.

Plaintiff's petition alleged numerous acts of negligence on the part of defendant, including: (1) "operating their vehicles at a rate of speed in excess of that at which a person of ordinary prudence, in the exercise of ordinary care, would have operated the same under the same or similar circumstances;" (2) "In failing to keep a proper lookout for vehicles proceeding in a northerly direction along the highway, and in particular the vehicle in which plaintiff was a passenger" and (3) "In failing to make a timely application of the brakes on their vehicles."

Plaintiff alleged that each of such acts constituted negligence and a proximate cause of the collision.

The testimony, principally that of W. T. Shelton, who had stopped about 40 feet south of the stalled car just before the collision, may be summarized as follows: Plaintiff, Mrs. Dollie A. Rainey, was a passenger in an automobile owned and being driven by Floyd Brunson on the highway between Palestine and Elkhart, Texas, when it apparently ran out of gasoline about four miles south of the City of Palestine in Anderson County, Texas. Immediately prior to the accident this automobile was either stopped or being pushed slowly north toward Palestine. Defendant's automobile was proceeding in the same direction and was being driven by Schureman Furney at the time of the collision in the course and scope of his employment. Immediately prior to the collision defendant's automobile was being driven at a speed estimated as between 65 and 75 miles per hour. Defendant applied his brakes for the first time when he was approximately 40 feet from the point of collision. There was a small hill about 30 feet south of the automobile in which the plaintiff was a passenger. The accident happened about 1:30 a. m. on a moonlight night. Automobiles were ap-

proaching the point of collision from both the north and the south immediately prior to the collision. None of the witnesses who testified at the hearing knew whether the automobile in which plaintiff was a passenger had its lights on or not. The hill would not prevent the stalled automobile from being seen at a distance of 150 yards. Plaintiff was severely injured in the accident. Defendant presented no witnesses to contradict such testimony.

Appellants argue that they could not reasonably foresee that a vehicle would turn around in the highway with its lights off on the other side of a hill, and that the passageway around the stalled automobile would be obstructed by an on-coming vehicle. That they were not bound to anticipate the negligent acts of the driver of the car in which the appellee was a passenger and foresee that they would be over the hill with their lights off, citing Minugh v. Royal Crown Bottling Co., Tex.Civ.App.1954, 267 S.W.2d 861, ref., n. r. e.; Davis v. Younger Bros., Tex.Civ.App.1953, 260 S.W.2d 637, ref., n. r. e., and Safeway Stores, Inc., of Texas v. Brigance, Tex.Civ.App.1938, 118 S.W.2d 812.

This contention is answered by the Supreme Court of Texas in the well-considered case of Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359, 364, in which the contention was made that an automobile driver should not reasonably foresee that another automobile approaching from the opposite direction might enter the wrong traffic lane and thus be endangered by excessive speed. In answering that contention the Court said:

> "Common experience teaches that thousands of automobiles enter wrong highway traffic lanes every day, often under circumstances which absolve the driver of negligent conduct. It is a matter of common knowledge that a fair proportion of collisions on highways are 'head-on' collisions, resulting from one of the automobiles being in the wrong lane of traffic. We must and

do reject Continental's contention * * *"

In the same case in answer to Continental's contention that its driver could not reasonably foresee the unusual circumstance that the Chevrolet would strike the rear of the Ford and propel it into the wrong traffic lane, the Supreme Court said (in commenting on Wiley v. Mercer, Tex.Civ.App., 282 S.W.2d 88):

> "We disapprove that holding. In effect it asserts that one's negligence cannot be a proximate cause of an injury unless the precise manner or means of the injury resulting from the negligence can be foreseen. That view of proximate cause has been rejected by this court in a number of cases, notably in Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110 and Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847."

Plaintiff in this case was a passenger in the Brunson automobile, and we cannot hold as a matter of law that plaintiff participated in the negligent acts, if any, of Brunson or had any control over the Brunson automobile.

> "We think that it is the generally accepted rule as applied to torts that 'If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.'" Restatement of the Law of Torts, Vol. 2, p. 1184, § 439, cited in McAfee et al. v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442, 447; Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359; Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352.

We hold that there is sufficient evidence of probative value in the record supporting

the implied finding of the Trial Court that the excessive speed at which the automobile belonging to Rehkopf & Co. was being operated at the time of the collision was a proximate cause of the collision. Accordingly, it is not necessary to discuss other grounds of alleged negligence.

The judgment of the Trial Court is affirmed.