**D. E. McALISTER TRUCKING COMPANY et al., Appellants,**

**v.**

**Wilburn J. SHAW et ux., Appellees.**

No. 16262.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 17, 1961.

Fulgham & Grogan, Weatherford, Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and R. Daniel Settle, Fort Worth, for appellants.

Borden & Hand, and I. B. Hand, Weatherford, for appellees.

BOYD, Justice.

This is a venue action. Wilburn J. Shaw and his wife, Vivian L. Shaw, sued D. E. McAlister Trucking Company and Willis Edward Laney for damages for personal injuries sustained by them when an automobile occupied by the Shaws was struck by a truck belonging to the Trucking Company and driven by Laney, the Company's employee, while in the course of his employment. The collision occurred in Parker County. Each defendant is a resident of Taylor County, and each filed a plea of privilege to be sued in that county. The pleas were overruled and the defendants appeal.

The appellees sought to hold venue in Parker County under the provisions of section 9 and 9a of Article 1995, Vernon's Ann.Civ.Tex.St., and alleged that appellants proximately caused appellees' injuries by committing a crime or trespass against them in Parker County, and that Laney was guilty of negligent acts and omissions in Parker County, which acts and omissions were proximate causes of their injuries.

By several points of error appellants contend that there was no evidence, and insufficient evidence, of the existence of facts essential to maintain venue in Parker County; that appellees failed to establish by a preponderance of the evidence the existence of facts essential to so hold venue; and that the judgment overruling the pleas of privilege is so against the great weight and preponderance of the credible evidence as to be manifestly wrong.

We are unable to agree with either of these contentions. We think the evidence presented triable issues in respect of all matters necessary to be established to maintain venue in the county of suit, and that the presumed findings of the trial court are binding on us.

Appellees alleged that the driver of the truck was negligent in the following particulars: (a) in driving the truck at a greater rate of speed than would have been maintained by a person in the exercise of ordinary prudence; (b) in failing to keep a proper lookout; (c) in failing to apply his brakes; (d) in driving in the left lane and in failing to drive in the right lane of the east bound traffic area; (e) in failing to pass appellees' car by going to its right when the way was clear and open for him to do so; and (f) in driving the truck at

an unlawful rate of speed. It is alleged that each of said acts and omissions was negligence and a proximate cause of the collision.

According to Mr. Shaw's testimony, he and Mrs. Shaw ate their evening meal at Howard's Cafe near the intersection of Highways 51 and 199, the cafe being situated about 125 feet east of Highway 51 and about 30 feet south of Highway 199. There were parking areas on the north or front side and on the west side of the cafe. He parked his car on the north side, about a car width from the front entrance of the cafe. They left the cafe about 8:30 P.M. He backed the car by turning its rear end west and south, and then started toward Highway 199 at an angle, going northeast; he stopped before entering the highway to allow an east bound truck to pass. No. 199 is a divided, four lane highway with a concrete esplanade about 7 feet wide between the inside lanes. There is an opening in the esplanade about 30 feet long, to allow vehicles to cross and change directions. This opening is about even with the east side of the cafe.

After the east bound truck had passed, he saw the lights of a vehicle coming over a hill approximately one-half mile west of the highway intersection. He "angled" out on to the highway and into the opening in the esplanade, intending to turn left in the west bound traffic lane. He stopped for the passage of a west bound car which he saw coming over a hill about 500 feet away. At that time the front of his car extended across the opening in the esplanade and 4 or 5 feet into the inside west bound lane, and its rear extended 4 or 5 feet into the inside east bound lane. He had traveled about 95 feet after entering No. 199 until he reached the opening in the esplanade. This took a very few seconds. He waited approximately 30 seconds for the west bound car to pass. Just as the west bound car went by, the truck driven by Laney and traveling east struck the left rear of his

car. Both Mr. and Mrs. Shaw were seriously injured. The head lights, tail lights, and directional lights on Shaw's car were all burning.

Laney, the truck driver, testified that after he saw appellees' car he did not have time to do anything. Laney was driving in the inside lane. He "* * * cut hard to the right * * *" and applied the brakes; he "* * * hit him right in the back fender behind where he was sitting." The left side of the truck's front bumper hit the car. He was driving 35 to 40 miles per hour at the time of the impact. He had been going faster. He had thought he would stop at Howard's Cafe and have his evening meal, and had looked to see if there was a place where he could "pull" off the highway; the way was clear where he could have pulled off and parked. There was no other east bound traffic. He decided, however, to go on to Dallas. He did not see appellees' car until it was on the highway. He said that when Shaw "* * * come out of there * * *" he was already going and never did stop. He did not notice whether the tail lights and directional lights on Shaw's car were burning. He said the Shaw car came from the east side of the cafe.

■ The burden was on appellees to establish by a preponderance of the evidence that a negligent act or omission occurred in the county of suit; that such act or omission was that of the defendant in person, or that of his agent acting in the scope of his employment; and that such negligence was a proximate cause of the injuries.

■ We are of the opinion that the trial court was warranted in finding from a preponderance of the evidence that the truck driver committed some or all of the negligent acts and omissions alleged by appellees and that such acts or omissions proximately caused the injuries complained of.

The judgment is affirmed.