**Metta Rives ARMSTRONG et vir, Appellants,**

v.

**Emory H. GRANT et ux., Appellees.**

**No. 7378.**

Court of Civil Appeals of Texas.

Texarkana.

March 20, 1962.

Ramey, Brelsford, Hull & Flock, Tyler, for appellants.

James N. Phenix, Gordon R. Wellborn, Henderson, for appellees.

CHADICK, Chief Justice.

This is a venue case. The defendants interposed a plea of privilege to be sued in Madison, the County of their residence, and the plaintiffs controverted the plea, asserting venue in Rusk County by reason of the exception from the General Rule of Venue authorized by Subdivision 9a, Art. 1995.

The appellants, Metta Rives Armstrong and her husband, M. V. Armstrong, have briefed points of error that there is no evidence, and insufficient evidence to sustain the trial judge's implied finding that Mrs. Armstrong's negligence was the proximate cause of the injuries sustained by the appellees, Emory H. Grant and wife, Frances Grant. Appellants' argument endeavors to demonstrate that, if not physically impossible, it is unbelievable and improbable that the collision between the Grant and Armstrong automobiles occurred as described by Grant as a witness.

There is no conflict in the evidence as to the time and the scene of the collision, the drivers of the vehicles or the general direction of the two vehicles' movements until just prior to the collision. The scene was

in the City of Henderson, where South Main Street intersects U. S. Highway 79 and offsets to the west to continue in a southerly direction as the old Nacogdoches road. From the intersection South Main Street runs in a general north-south course, while U. S. Highway 79 follows a general east-west direction. Just before the time of collision the Grant vehicle with Mr. Grant driving, and his wife and daughter as passengers, was proceeding East on U. S. Highway 79, meeting the automobile driven by Mrs. Armstrong, which was moving westerly on the highway. The collision occurred as Mr. Grant made a turn to the north into South Main Street. The left front and side of each automobile was damaged and bore marks of the collision.

In its most favorable version the evidence showed that Mr. Grant started his left turn blinker signal when he was about 200 yards from the intersection, signaling his intent to turn into South Main Street. When he was 20 to 30 feet from the intersection he saw the Armstrong automobile approaching from the east on its proper side of the four-lane highway at a speed of 70 to 80 miles per hour. Grant testified that he allowed room for other vehicles to enter into the intersection from South Main Street as he turned into the street from his position on the south side of the center stripe of the highway. He testified that he had proceeded in his turn about 24 feet north of the center stripe when the Armstrong car suddenly appeared immediately in front of him. The collision occurred. The Grant vehicle came to rest about 4 feet north of the highway center stripe. The Armstrong car stopped approximately 100 feet west of the intersection on the north shoulder of the highway. The pavement and shoulder of the street and highway at the junction point are of such area that the Armstrong car moving westerly did pass to the north of the Grant vehicle after its northward turn.

It was after Grant's turn and movement northward some 24 feet that the collision occurred according to the only evidence in the record, that given by Grant himself. It is this evidence that the appellants attack as improbable, unbelievable and contrary to undisputed physical facts; therefore constituting no evidence or insufficient evidence to support the court's judgment. The appellants adduced little or no evidence to rebut that offered by Grant, being content to rely on the physical facts of the points of damage to the vehicles, the position of the cars after collision, and the unproved supposition that a point 24 to 30 feet north of the center stripe would place the vehicles entirely out of the intersection to sustain their argument. No evidence was offered showing the dimensions of the highway and street pavement, the shoulders, roadway, etc., at the intersection or its topography.

■ It is elementary that the trial judge, no jury being demanded, as the trier of facts, was empowered to determine the credibility of the witnesses, the weight to be accorded their testimony, and to reconcile conflicts and discrepancies in the proof offered. See 24 Tex.Jur. (2) 350 Sec. 705 and 712. It would not mark a judge as gullible to find, if he considered the witness creditable, that when Grant turned to enter South Main Street Mrs. Armstrong's automobile approaching at a high rate of speed veered slightly to her right in an area of the intersection where the roadbed would permit, and passed north and substantially in front of Grant's turning car. The collision appears to have been a glancing sideswipe. Very little reconciliation would be necessary to find that Grant had not moved as far from the center stripe of the highway as he testified, that he had only partially headed north, and that the impact hurled his vehicle to the place near the center stripe at which it came to rest. Likewise, the speed of Armstrong's automobile and the impact of the collision causing it to come to rest at the point indicated.

■ The evidence is sufficient to support the implied finding that Mrs. Armstrong's failure to apply her brakes, to turn left, and to maintain proper control, as well as her

excessive speed under the circumstances was negligence and the proximate cause of the appellees' injury. Further discussion can serve little purpose, except to point out that Mrs. Armstrong did not claim in her testimony to have applied her brakes, blown her horn, or attempted to take any evasive action, left or right, to avoid the accident. She contended that Grant's sudden turn in front of her at the moderate speed she said she was traveling did not leave time for her to do anything toward preventing the collision. This court is not justified in setting aside the judgment for lack or insufficiency of evidence. See Jess Edwards, Inc. v. Foley, Tex.Civ.App., 321 S.W.2d 328, N.W. H.; Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972 at 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286.

The judgment of the trial court is affirmed.