M. M. MANNING et al., Appellants,

v.

E. Cameron HELMS et ux., Appellees.

No. 16460.

Court of Civil Appeals of Texas.

Dallas.

Jan. 29, 1965.

Touchstone, Bernays & Johnston, and Duffield Smith, Jr., Dallas, for appellants.

Geary, Brice & Lewis, and Ray Besing, Dallas, for appellees.

BATEMAN, Justice.

This is an appeal from an order overruling certain pleas of privilege in a suit filed in the District Court of Collin County by the appellees E. Cameron Helms and wife for damages for personal injuries alleged to have been received by Mrs. Helms in a collision between an automobile in which she was riding and a truck owned by M. M. Manning, leased to W. G. Cantrell and driven by Frank Clayton Nash, who was alleged to be the agent, servant or employee of the other defendants. The original petition named M. M. Manning, W. G. Cantrell, Frank Clayton Nash, and Continental Oil Company as defendants. All of them filed pleas of privilege to be sued

in the counties of their respective residences. These pleas of privilege were duly controverted by appellees on the ground that the acts of negligence complained of occurred in Collin County, where venue lay by virtue of Subdivision 9a of Article 1995, Vernon's Ann.Civ.Stat. Thereafter Manning died and appellees filed an amended petition not naming him as a defendant and joining Mrs. Almeda Manning, independent executrix of his estate, as an additional party. Mrs. Almeda Manning, Independent Executrix of the Estate of M. M. Manning, Deceased, having been served with citation, filed a plea of privilege to be sued in Grayson County, where she resided. This plea was not controverted. After hearing evidence the court overruled all pleas of privilege, including that of M. M. Manning. All of the defendants except Cantrell and Nash bring this appeal.

 To sustain venue in Collin County the burden was on appellees to prove by a preponderance of the evidence that a negligent act or omission was committed in that county by the appellants in person or by their servant, agent or representative acting within the scope of his employment, and that such negligence was a proximate cause of Mrs. Helms' injuries. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. The gravamen of this appeal, set forth in points of error 2 through 19, is that the court erred in overruling the pleas of privilege because there was no evidence, and alternatively that the evidence was insufficient, to establish that either of the appellants was guilty of any negligence proximately causing the injuries complained of or that the driver of the truck, Frank Clayton Nash, was the servant, agent or representative of either of them, acting within the scope of his employment, at the time in question. We have read the entire record of the evidence adduced at the hearing of these pleas of privilege and find no evidence whatever to the effect that either of the appellants was guilty of any negligence, and no evidence that at the time of the collision the driver of the truck, Frank Clay-

478

ton Nash, was the servant, agent or representative of either of these appellants at any time or in any respect. The only evidence we find as to what Nash was doing on the occasion in question, or for whom he was acting, is his own testimony to the effect that he was working for Mr. Cantrell and was "on duty" at the time. Appellees wholly failed to carry the burden imposed upon them to prove that this cause, as to the appellants, was within one of the subdivisions of Art. 1995, V.A.C.S. These points of error are sustained.

The other two points of error (1 and 20) involved procedural problems which we do not find it necessary to decide in view of what we have said above.

The judgment is reversed and the cause remanded with instructions to the trial court to sustain the pleas of privilege of the appellants and transfer the cause as prayed therein and pursuant to Rule 89, Texas Rules of Civil Procedure.

Reversed and remanded with instructions.