Alice Moore SHARP, Appellant,

v.

Joe SALAZAR et al., Appellees.

No. 6783.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1965.

Keith, Mehaffy & Weber, Beaumont, for appellant.

D. F. Sanders, Waldman & Smallwood, Beaumont, for appellees.

PARKER, Justice.

This is a venue case. The appeal is from an order of the District Court of Jefferson County, Texas, overruling the plea of privilege of Alice Moore Sharp, appellant, seeking to transfer the case to Collin County, Texas, the county of her residence. Appellees Richard Salazar, a minor suing by and through Phillip Bordages as next friend, and Joe Salazar, controverted the plea only relying upon exception of Subsection 9a of Art. 1995, Vernon's Ann.Civ. St. Venue hearing was had before the court without a jury. No findings of fact or conclusions of law were requested by either party.

Appellees instituted this suit as a common law damage suit seeking to recover damages as ⸺ result of an automobile being driven by the appellant striking such minor child, inflicting serious bodily injuries to him. Appellees allege:

"III.

"On the occasion in question, the defendant was guilty of various acts, omissions and statutory violations, each and all of which amount to negligence and a proximate cause of the personal injuries to plaintiff, Richard Salazar, in the following respects:

(1) In failing to keep a proper lookout;

(2) In failing to have her automobile under proper control;

(3) In operating such automobile at a greater rate of speed than an ordinarily prudent person would have operated same under the same or similar circumstances;

(4) In failing to apply the brakes of her automobile; or in the alternative, in failing to apply the brakes of her automobile in time;

(5) In failing to turn her automobile to the right or to the left in order to avoid the accident in question."

In their controverting affidavit appellees alleged that venue was properly laid in Jefferson County under Subdivision 9a, Art. 1995, R.C.S.T., which provides as follows:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries." Added Acts 1953, 53rd Leg., p. 390, ch. 107, Sec. 2.

In order to defeat appellant's privilege of being sued in the county of her residence, as challenged, the burden is upon the appellees to allege and prove that the case is within one of the exceptions to said Art. 1995. Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (1931). The "venue facts" which a plaintiff must allege and prove in order to defeat the plea are those which are stated in the particular exception of Art. 1995 applicable to the suit as alleged. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); King v. Jones, 307 S.W.2d 851 (Tex.Civ.App.1957, n. w. h.). The burden is plaintiff's to establish those venue facts by a preponderance of competent evidence. Flintex Oil Company v. Guillory, 337 S.W.2d 757 (Tex. Civ.App.1960, n. w. h.); Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694 (Tex.Civ.App.1965, n. w. h.).

The only evidence introduced bearing upon the questions of negligence above set forth in exception 9a, Art. 1995, R.C.S.T., consisted of the deposition of Mrs. Alice Moore Sharp, who testified: At the time of the accident she was on Wall Street driving a 1958 Chevrolet Station Wagon which was in good condition. Wall Street is a paved and curbed city street. Her speed was about 15 m. p. h. through light traffic. She was in her own lane of traffic far enough from the right hand curb to clear the parked cars. Immediately prior to the accident the child, Richard Salazar, appeared suddenly from behind a parked car, darting into the street about a foot or two in front of and to the right of her front bumper. She immediately applied her brakes and thought that she tried to turn her vehicle but did not have time. The child ran into her right front bumper and headlight of her car. She was traveling less than 15 m. p. h. at the time of the accident and brought her car to a stop within 10 feet, still facing a westerly direction. She saw no slogans or posters referring to children as she approached the scene of the accident, but realized that some children do get into the streets and was prepared to stop if possible. It was daylight and the visibility was good at the time of the accident. Mrs. Sharp was prevented from seeing Richard Salazar because he was completely hidden by a parked car until he ran out from behind it and into her vehicle.

The oral depositions of Mr. and Mrs. Joe Salazar, parents of Richard Salazar, produced no relevant testimony on these questions of negligence as neither parent saw the occurrence.

Appellant's first point of error is:

"The trial court erred in overruling defendant's plea of privilege because there was no evidence to support a finding that defendant was guilty of negligence which proximately caused plaintiff's injuries."

The second point of error is that there was insufficient evidence to support such finding, and the third point of error is that such finding was against the great weight and overwhelming weight of the evidence.

There is a complete absence of evidence in this record that Alice Moore Sharp was guilty of negligence which proximately caused the injuries to Richard Salazar. Appellant's first point of error is sustained.

The judgment of the trial court is reversed and it is ordered that the cause be transferred to a district court of Collin County, Texas.