**R. C. CALHOUN, Appellant,**

v.

**Billy Bob PADGETT, Appellee.**

No. 247.

Court of Civil Appeals of Texas.

Tyler.

Dec. 15, 1966.

L. S. Carsey and Michael T. Gallagher, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

On appeal no counsel for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege.

Appellant, defendant below, was sued by appellee, Billy Bob Padgett, for damages allegedly resulting from a collision occurring on Highway 19 in the City of Trinity, Texas, located in Trinity County.

Appellant, R. C. Calhoun, subsequently and in due order filed a plea of privilege to be sued in the county of his residence which was, at the time of the collision and at the time of the hearing on the plea of privilege, Harris County, Texas. Appellee timely filed his controverting affidavit.

The plea of privilege was heard in the 12th Judicial District Court of Trinity County, Texas, and on February 10, 1966, appellant's plea of privilege was overruled.

Appellant subsequently perfected his appeal by giving notice of intention to appeal in open court and timely filing his appeal bond.

Appellee has not filed a brief and did not avail himself of oral argument. He has not challenged in any manner the statements in appellant's brief relative to the facts in the record. The Court of Civil Appeals must assume as true all facts stated by appellant in his brief and render judgment in conformity therewith. Rule 419, Texas Rules of Civil Procedure; American Casualty & Life Insurance Company v. Boyd, 394 S.W.2d 685, (Tex.Civ.App., Tyler) 1965, n. w. h.; Gonzales v. Gonzales, 224 S.W.2d 520, (Tex.Civ.App., San Antonio) 1949, writ ref.; Ammann v. Daniel Oil Co., 220 S.W.2d 181, (Tex.Civ.App., Austin) 1949, n. w. h.; Hartford Fire Ins. Co. v. Owens, 272 S.W. 611, (Tex.Civ.App., Fort Worth) 1925, writ ref.; Coates v. Coates, 355 S.W.2d 260, (Tex.Civ.App., Eastland) 1962, n. w. h. We have, however, read the entire statement of facts and checked the references in appellant's brief and found them to be correct.

It appears from appellant's brief that the appellee was driving north from Huntsville, Texas, on Highway 19 within the City Limits of Trinity, Texas, at about 12:30 A.M. on July 10, 1965. As the appellee was

entering Trinity, he noticed a vehicle approaching him from the north traveling in a southerly direction. He was about 100 feet from the lead vehicle, which was driven by the appellant Calhoun, when a second vehicle started to pull around the appellant's truck and the headlights on the second vehicle made it difficult for the appellee to see. When he encountered the two vehicles, they were side by side and he collided with the vehicle to his left, which was traveling in the proper lane for southbound traffic. At the point of impact, the highway on which the collision occurred was two-lane.

The sole question presented on this appeal is whether the trial court erred in overruling appellant's plea of privilege to be sued in the county of his residence, which is Harris County, Texas. Inasmuch as the appellee is attempting to retain venue in Trinity County, Texas, under Article 1995, Subdivision 9a, Vernon's Ann.Civ.St., it becomes necessary to ascertain whether or not the appellee has borne the burden of proof imposed upon him under that Subdivision.

Subdivision 9a of Texas Article 1995 provides:

"Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

In order to retain venue in Trinity County, Texas, the appellee was required to prove an act of negligence on the part of appellant Calhoun in such county and under the express wording of the statute, it was necessary to prove such negligence by a preponderance of the evidence. Many cases have held that under Subdivision 9a, the plaintiff has the burden of pleading and proving by a preponderance of the evidence: (1) a negligent act in the county sued; (2) that such negligent act was that of the defendant; and (3) that such negligent act was the proximate cause of the plaintiff's injuries. Reynolds & Huff v. White, 378 S.W.2d 923, (Tex.Civ.App., Tyler) 1964, n. w. h.; Sharp v. Salazar, 398 S.W.2d 444, (Tex.Civ.App., Beaumont) 1965, n. w. h.; Watkins v. Goolsby, 337 S.W.2d 363, (Tex.Civ.App., Eastland) 1960, n. w. h.; McFarling v. Maltby, 350 S.W.2d 373, (Tex.Civ.App., Eastland) 1961, n. w. h.; Manning v. Helms, 387 S.W.2d 476, (Tex. Civ.App., Dallas) 1965, n. w. h.; D. E. McAlister Trucking Company v. Shaw, 352 S.W.2d 530, (Tex.Civ.App., Fort Worth) 1961, n. w. h.

The Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 1935, laid down the rule that the plaintiff must plead and prove the venue facts required by the applicable Subdivision of Article 1995, V.A.C.S., and further he must plead and prove such facts just as any other litigant who, in a hearing or trial, has the burden of proving a fact.

Appellee Padgett has wholly failed to prove by a preponderance of the evidence that appellant Calhoun committed any act of negligence in Trinity County, which was a proximate cause of the accident of which he complains. In addition to the facts set out in appellant's brief, a thorough search of the statement of facts reveals only that a collision occurred in the appellant's lane of travel on Highway 19. There is no evidence to establish that appellant was driving at an excessive speed. In fact, there was no evidence whatsoever as to the speed of

either vehicle. There is no evidence to show that appellant made an improper application of the brakes, nor is there any evidence showing that appellant Calhoun could have avoided the accident.

■ The appellee alleged that the appellant was guilty of improper lookout, improper control, failure to make a timely application of the brakes and failure to use the means at hand to avoid colliding with the appellee after actually seeing the appellee's position of peril and actually realizing the appellee's inability to extricate himself therefrom. There is no evidence, either direct or circumstantial, which shows that the appellant was negligent in any of these particulars. The most that can be said of the evidence is that it proved that an accident took place in the City of Trinity and Trinity County. However, proof of an accident of collision, standing alone, is not evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 1937.

When confronted with situations involving the sufficiency of evidence in a plea of privilege hearing where the only evidence was that an accident or collision occurred, the Texas courts have uniformly held such proof to be insufficient as the basis for establishing venue in a county other than that of the defendant's residence. Conner v. Chatman, 272 S.W.2d 136, (Tex. Civ.App., Galveston) 1954, n. w. h.; Austin Bridge Company v. Polanca, 300 S.W.2d 173, (Tex.Civ.App., Eastland) 1957, n. w. h.; Bart DeLatt & Associates, Inc. v. Knight, 369 S.W.2d 65, (Tex.Civ.App., Waco) 1963, n. w. h.; Sharp v. Salazar, supra.

The burden imposed on the appellee in the instant case is one that the courts have predicated upon the belief that the defendant's right to be sued in the county of his residence is invaluable and should be vitiated only when the evidence clearly supports the maintenance of venue in some other county. This court in Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694, (1965), n. w. h., said:

"* * * The right to be sued in one's own bailiwick is a valuable right, jealously guarded by the courts. (Cases cited.) Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to a transfer of the action."

The judgment of the trial court is reversed and it is ordered that the cause be transferred to a District Court of Harris County, Texas.