**Otto F. ZUBE, Appellant,**

v.

**Edward Lee WHITE et al., Appellees.**

**No. 7848.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 3, 1967.

---

Steve Oden, Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Howard Carney, Carney & Mays, Atlanta, for appellees.

DAVIS, Justice.

A Plea of Privilege. Plaintiffs-appellees sued defendant-appellant for damages resulting from the alleged negligent acts of appellant in the operation of his automobile in the city limits of Queen City, Texas, which negligence caused the death of Rev. Leon Raymond White, the father of appellees.

Appellant filed his plea of privilege, appellees controverted the same. The trial court overruled the plea. Appellant has perfected his appeal and brings forward one point of error.

■ The point of error is multifarious. It reads as follows:

"POINT OF ERROR

"THE DISTRICT COURT ERRED IN OVERRULING APPELLANT'S PLEA OF PRIVILEGE BECAUSE APPELLEES, UNDER SECTION 9A OF THE VENUE STATUTE, OFFER:

A. NO EVIDENCE SHOWING, OR ALTERNATIVELY,

B. THE EVIDENCE OFFERED WAS INSUFFICIENT TO SHOW:

(I) THAT AN ACT OR OMISSION OF NEGLIGENCE ATTRIBUTABLE TO APPELLANT OCCURRED IN CASS COUNTY, TEXAS WHERE THE SUIT WAS FILED;

(II) THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF THE PLAINTIFFS' INJURY."

But, we can tell from reading the brief, the errors complained about and will consider the same. Appellant would have the right to amend his brief if we could not tell the error, or errors, he is complaining about. Rule 431 Texas Rules of Civil Procedure.

Now, on the point: There is some evidence in the case to support the trial court's holding; and, the evidence is sufficient to show the negligence occurred in Cass County, Texas, and the negligence was a proximate cause of the death of Rev. White which resulted in injuries to appellees.

The evidence shows that Rev. White was walking on the left hand side of U. S. Hwy. 59, in a southerly direction, in the

**878**

city limits of Queen City, Cass County, Texas. A man by the name of Donnie Ryan was going toward Atlanta, (with whom one of appellees was riding), stopped and asked Rev. White if he wanted a ride. Rev. White started across the highway. He noticed a car coming in a northerly direction, toward Texarkana, traveling at a fast rate of speed, so, he started running. After Rev. White had crossed the center stripe in the highway, the left front of a 1966 Ford owned and operated by appellant. struck Rev. White and killed him.

The evidence shows that appellant was operating the car at 60 to 65 miles per hour in the city limits of Queen City. Appellant admitted that he was driving at a rate of speed of approximately 55 miles per hour and traveling in a northerly direction. Appellant, in truth and in fact, admitted his negligence when he told the undertaker to carry Rev. White to the best hospital and he would bear all the expenses.

In James v. Drye, 1959, 159 Tex. 321, 320 S.W.2d 319, Justice Griffin said:

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment." Citing authorities.

■ Appellees specifically alleged the provision of subdivision 9a of Art. 1995 Vernon's Ann.Rev.Civ.St. There is evidence of negligence in Cass County, Texas, by operating his car at an excessive and dangerous rate of speed in the city limits of Queen City, Texas, to give the district court venue of the case. D. E. McAlister Trucking Company v. Shaw, Tex.Civ.App. 1961, 352 S.W.2d 530, N.W.H.; Armstrong v. Grant, Tex.Civ.App., 1962, 356 S.W.2d 398, N.W.H.; Rehkopf & Co., Inc. et al. v. Rainey, Tex.Civ.App., 1961, 343 S.W.2d 303, N.W.H.

The evidence is sufficient to support the trial court's judgment. Triangle Truck Line, Inc. et al. v. Kelley, Tex.Civ.App., 1961, 344 S.W.2d 520, N.W.H. The point is overruled.

The judgment of the trial court is affirmed.