**BEALL BROTHERS, INC., Appellant,**

v.

**Margie M. BENTON, Appellee.**

**No. 611.**

Court of Civil Appeals of Texas, Tyler.

March 9, 1972.

Dawson & Dawson, Corsicana, for appellant.

James N. Parsons, III, Palestine, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order overruling a plea of privilege of appellant-defendant, Beall Brothers, Inc., to be sued in Cherokee County, Texas. Appellee-plaintiff invoked Sec. 9a of Article 1995, Vernon's Ann.Civ.St. Appellant has duly and timely perfected this appeal.

Appellee, Margie M. Benton, sued appellant for personal injuries allegedly sustained when the appellee fell down the stairs in appellant's store located in Palestine, Texas, on or about May 23, 1970. Appellee relied upon the following grounds of negligence:

(1) that Defendant failed to provide safe access to the upstairs portion of their store;

(2) that the Defendant had a negligently constructed stairway on the premises; and

(3) that Defendant failed to provide adequate rails.

The evidence adduced at the plea of privilege hearing consisted of the testimony of the appellee, Margie M. Benton.

Appellant contends that it owed the plaintiff no duty because (1) "the evidence conclusively established that the plaintiff knew and appreciated the 'danger' complained of" and (2) "plaintiff should be charged in law with knowledge and appreciation of the conditions complained of"; therefore, the court permitted error in overruling its plea of privilege. We agree.

Appellee testified that on or about the 23rd day of May, 1970, while downtown in Palestine shopping, she went to the second floor of Beall Brothers. She was looking at an item on a display counter near the head of the stairs and as she turned away and approached the stairs, she slipped and fell down the stairs. She thinks she started falling before she got to the stairs.

Appellee contended that had appellant had a handrail in the middle of the stairs she would not have fallen. Although she was unable to definitely state what caused her to fall, she did testify:

"A * * *, I jumped to try to catch and I didn't have nothing to catch on.

"Q Margie, you are also saying that, if the hand rail would have been better and you could have grabbed and you wouldn't have fallen?

"A Yes, sir, Mr. Parsons, if I'm going anywhere and I've got something and I get tilted and there is something for me to grab, I'll grab anything. * * * "

When questioned specifically as to what caused her fall, she testified that "(i)t was just something that happened to most anybody a lot of times." She further testified that she slips at home a lot of times and would fall if she did not have something to catch on. Also in response to questions as to what caused her to fall, Mrs. Benton testified that she guessed it was something they probably had put on the floor. She said it might have been wax but that she did not know what it was; that she didn't see it and couldn't swear to that but she did know that it was a nice, slick floor. Be that as it may, appellee did not allege in her pleadings as a ground for negligence on the part of appellant that her injuries resulted from the condition of the floor nor does she so contend before this court. In her brief before us she states emphatically and unequivocally that "(t)his is not a slip and fall case." Appellee's allegations of negligence on the part of appellant are based solely upon the alleged inadequate railings provided and unsafe access to the upstairs portion of appellant's store. She does not

contend that her alleged injuries were caused from the slip.

The appellee testified numerous times with respect to her familiarity with the store and its stairway. She stated that the condition of the floor and the stairs was well known to her and was obvious to her on that occasion and that she knew there was no middle handrail on the stairs. To be more specific, the appellee testified as follows:

"Q And you, I believe testified you had been up those stairs and down those stairs many times.

"A Oh, so many times I couldn't count them.

"Q Isn't it true then, Margie, that you were familiar with the way those stairs were built?

"A Yes, sir, I was familiar with the stairs * * *.

\* \* \* \* \* \*

"Q You knew there wasn't a middle rail there, didn't you?

"A Sure, everybody knew that.

"Q It was obvious to you and everybody there was no middle rail.

"A Yes, Sir.

\* \* \* \* \* \*

"Q * * * Isn't it possible then, or isn't it true that, they had rails on either side of the stair case that were attached to the wall?

"A Yes, sir.

\* \* \* \* \* \*

"Q Isn't it * * * likewise true that for you or anybody else in the store, the condition of the stair case and the condition of the floor was obvious?

\* \* \* \* \* \*

"A Yes, sir.

\* \* \* \* \* \*

"Q Margie, you said you had been there many times; a while ago you testified * * * that the floor looked pretty much like it always did when you were there before?

"A Yes, sir, it was always a nice, smooth floor.

\* \* \* \* \* \*

"Q * * * you know where the stair case is, you started down, you got in the middle of the stair case to start down, is that correct? * * *

"A I was coming down the stairs as I always come down, in the middle.

\* \* \* \* \* \*

"Q So you decided to just voluntarily use the middle of the stairs then, right?

"A Everybody uses the middle of the steps."

■ In our opinion the evidence conclusively shows that the appellant owed no duty to warn the plaintiff with respect to the stairway or the handrails since she was fully familiar with all these alleged conditions and same were sufficiently "open and obvious" to her that she was charged with such knowledge and appreciation.

■ Appellee's contention is simply that the appellant's stairway was dangerous because it did not provide a handrail in the middle of the stairs where she prefers to always come down and that those provided on each side of the stairway were inadequate. It is a well-settled rule under the laws of Texas that an owner-occupier of premises owes no duty to a business invitee to warn such invitee with respect to alleged dangers of which they are fully aware or to open and obvious hazards. Delhi-Taylor Oil Corporation v. Henry, 416 S.W.2d 390 (Tex.Sup., 1967); Halepeska v. Callihan Interests, Inc., 371 S.W. 2d 368 (Tex.Sup., 1963); A. C. Burton Co., Inc. v. Stasny, 223 S.W.2d 310 (Tex.

Civ.App., Galveston, 1949, writ ref.); Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); Hausman Packing Co. v. Badwey, 147 S.W.2d 856 (Tex.Civ. App., San Antonio, 1941, writ ref.).

In *Halepeska* the court stated:

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. * * * But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them 'no duty' to warn or to protect the invitees. * * *"

The court in *Halepeska* went on to say that under the well-settled concept of "no duty," the plaintiff has the burden to negative "no duty." This the plaintiff-appellee failed to do. The plaintiff must show the existence of a duty and its breach, and the "no duty" rule is a part of plaintiff's case and is not termed a defense. Turner v. Victoria County Electric Cooperative Company, 428 S.W.2d 484 (Tex. Civ.App., Waco, 1968, n. w. h.); Halepeska v. Callihan Interests, Inc., supra.

The Adair case, supra, appears to be on "all fours" with the case at bar. In said case the plaintiff, Mrs. Adair, proceeded to go down some stairs when she slipped and fell. She alleged that the handrails were inadequate. The evidence showed that she had been in the bank many times and had used the steps many times. The court therein said:

" * * * There is no evidence that there was any hidden or latent defect in the stairs, * * *. * * * The condition of the stairs was as easily perceptible to Mrs. Adair as to the bank or its employees. * * *"

Mrs. Adair was denied recovery.

■ Where there are dangers which are not open and obvious, the occupier is under a "duty" to take such precaution as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them "no duty" to warn or to protect the invitees. Halepeska v. Callihan Interests, Inc., supra. This is so, the cases say, because there is "no duty'" to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof.

■■ The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to allege and prove by a preponderance of the evidence that the case comes within one of the exceptions to Article 1995, V.T.C.S. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Comm. of Appeals, 1935, holding approved); Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (Tex.Comm. of Appeals, 1931, holding approved); Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ.App., Tyler, 1965, n. w. h.).

■■ Venue facts must be proved just as the allegations of any plea or in the usual way in which proof is required by the party upon whom the burden of proof rests. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex. Comm. of App., 1941, holding approved). In a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits; a prima facie case is not sufficient. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Comm. of App., 1935, holding approved); Lynch v.

**162**

Millican, 304 S.W.2d 410, 412 (Tex.Civ. App., Waco, 1957, n. w. h.); Young v. Young, 340 S.W.2d 521 (Tex.Civ.App., Waco, 1960, n. w. h.).

 The burden imposed on the appellee in the instant case is one the courts have predicated upon the belief that the defendant's right to be sued in a county of his domicile is an invaluable right and this right should be vitiated only when the evidence clearly supports the maintenance of venue in some other county. The right to be sued in one's own domicile is a right jealously guarded by the courts and exceptions to the venue statute must clearly appear. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950). Unless the plaintiff clearly discharges his burden by proof, the defendant is entitled to have the case transferred to the county of his domicile. Calhoun v. Padgett, 409 S.W.2d 890, 893 (Tex. Civ.App., Tyler, 1966, n. w. h.); Reynolds & Huff v. White, 378 S.W.2d 923 (Tex. Civ.App., Tyler, 1964, n. w. h.).

Plaintiff must produce extrinsic evidence sufficient to establish the allegations in his petition by a preponderance of the evidence. This requirement is supported by considerations of public policy grounded upon the premise that otherwise it would be too easy by mere allegation and statements of conclusions to defeat the defendant's right to be sued at his domicile. Ideal Baking Company v. Boyd, 417 S.W. 2d 613, 617 (Tex.Civ.App., Tyler, 1967, n. w. h.); Vol. 1, McDonald Texas Civil Practice, sec. 4.55(b), pp. 612, 613.

Venue may not be established by implication nor is the occurrence of an accident of itself evidence of negligence. Reynolds & Huff v. White, supra; Calhoun v. Padgett, supra; Rankin v. Nash-Texas Co., 129 Tex. 396; 105 S.W.2d 195 (1937).

The appellee has failed to discharge the burden required of her to hold venue in Anderson County.

The judgment of the trial court is reversed and rendered, and it is ordered that the cause be transferred to the District Court of Cherokee County, Texas.