**SESCO PRODUCTION COMPANY,**
Appellant,

v.

**J. B. ALLEN, Appellee.**

**No. 12463.**

Court of Civil Appeals of Texas, Austin.

Sept. 29, 1976.

Bob Burleson, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellant.

John B. Henderson, Jr., Cameron, for appellee.

O'QUINN, Justice.

This appeal is from an order overruling the plea of privilege of appellant, Sesco Production Company, to be sued in Gregg County, the county of its residence. Appellant's plea was interposed in a suit brought in Milam County by J. B. Allen, appellee, in which he alleged he was injured by appellant's negligent maintenance of a gas well on Allen's property.

In his controverting affidavit Allen alleged that venue properly was maintainable in Milam County under subdivision 9a of Article 1995, V.A.T.S. Appellant appeals from the trial court's order overruling the plea of privilege.

No findings of fact were requested and none was filed.

■■■ In the main appellant attacks the court's judgment on the ground that appellee failed to prove by sufficient evidence the venue facts necessary to maintain the suit under subdivision 9a of Article 1995. Under subdivision 9a, plaintiff may maintain venue in the county of suit upon proof that (1) an act or omission of negligence occurred in the county where suit was filed, (2) the act or omission was that of defendant, in person, or that of his servant, agent or representative acting within the scope of his employment, and (3) that such negligence was a proximate cause of plaintiff's injuries.

Plaintiff is required to prove each of these venue facts. *Reynolds and Huff v. White*, 378 S.W.2d 923 (Tex.Civ.App. Tyler 1964, no writ). Appellant contends that the evidence was insufficient to establish any of these elements. We agree and will reverse the judgment of the trial court.

The circumstances leading up to this suit are substantially undisputed. In 1973 J. B. Allen executed a mineral lease to Hayes Operations but reserved to himself an old gas well located one quarter mile from his homestead. In April of 1974, Hayes Operations assigned its interest in Allen's lease to appellant, Sesco Production Company. During the month of May, 1974, this gas well was being cleaned by H. T. Ray and his employees. During the reworking operations W. O. West, an officer of Sesco, was present although it is disputed whether he was supervising the operations or was merely present during the reworking. Ray, who performed the reworking operations, testified that when the cleaning was completed, the well was left with tubing inside the casing, a valve in both the tubing and casing, and a chain and boomer were affixed to the apparatus to prevent anyone from turning the valves. No warning signs or fences were erected at the well.

On May 19, Allen visited the well and found gas escaping through a partially opened valve. The chain and boomer installed by Ray were not present. In an attempt to cut off the escaping gas flow, Allen turned the valve first one way and then another. While pulling on the valve he felt something "turn," lost his balance and fell, injuring his skull. Subsequently, Allen brought suit in Milam County against Sesco Production Company, claiming his injury was due to Sesco's negligence in maintaining the gas well.

Under its first point, appellant urges that evidence is insufficient to establish an act or omission of negligence by appellant. Sesco urges that the well was left in a safe condition, and that its condition had been changed by the acts of unknown third persons and that any evidence offered by appellee is insufficient to show what, if any, act of negligence occurred.

■■ The evidence in the record is insufficient to establish an act of negligence by appellant, but merely shows that an accident occurred when appellee attempted to turn a valve on the well. The mere occurrence of an accident is not, in itself, evidence of negligence. *Hardy v. McMillar*, 492 S.W.2d 381 (Tex.Civ.App. Waco 1973, no writ); *Beall Brothers, Inc. v. Benton*, 478 S.W.2d 157 (Tex.Civ.App. Tyler 1972, no writ).

The undisputed testimony of Ray, called as a witness by appellee, reveals that the well was left secured and chained after completion of the cleaning work to prevent anyone from tampering with the valves. Ray testified further that the valves were left tightly shut and the tubing was secured in the casing by slips and wedges. Appellee failed to prove that the condition of the well, as he found it, was caused by any negligence of appellant.

Appellee argues that it was negligence on the part of appellant to allow Allen to enter the area of the gas well when appellee knew, or should have known, of the unreasonable risk or harm that might result from the shifting of the tubing. Again, this contention ignores the fact that Allen, as an owner-occupier of the land, could not be prohibited by Sesco from entering the area of the gas well. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963); *Rabb v. Coleman*, 469 S.W.2d 384 (Tex. 1971). The well was reserved to appellee, and appellant had no right to prevent Allen from entering the well premises. In addition, it appears Allen was himself an experienced gas well worker. The fact that a person owns or occupies lands does not necessarily create in him the right to expose himself voluntarily to a danger he knows and appreciates and thereby impose liability for damages upon another who is on the land by the owner's consent. *Rabb v. Coleman, supra.*

Under its second point of error appellant urges that the evidence is insufficient to establish that there was any relationship of master-servant between appellant and H. T. Ray, the contractor who worked on the well. To sustain his burden of establishing the required venue facts under subdivision 9a, appellee must further prove that Ray and his employees were servants, agents, or representatives of appellant acting within the scope of their employment.

Finally, under its third point appellant contends the evidence is insufficient to establish that any act or omission by appellant was a proximate cause of appellee's injuries. Since we hold that the evidence is insufficient to establish an act, or omission, on the part of appellant amounting to negligence, it becomes unnecessary to consider further contentions made under points two and three.

The judgment of the trial court is reversed. The trial court is directed to enter its order transferring the cause to district court of Gregg County.

Reversed and Cause Ordered Transferred.