**Carl BLEDSOE, Jr., Appellant,**

v.

**Creva Mae YARBOROUGH, Appellee.**

**No. 317.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 7, 1967.

Barnes & Barnes, Robert E. Barnes, Beaumont, for appellant.

Jack Dies, Lufkin, for appellee.

MOORE, Justice.

Appellant, Carl Bledsoe, Jr., perfected this appeal from an order overruling his plea of privilege to be sued in Jasper County, the county of his residence. The appellee, Creva Mae Yarborough, filed suit against appellant Bledsoe in the District Court of Shelby County, Texas, under the provisions of the Death Statute, Vernon's Ann.Civ.Stat., Art. 4671, for damages sustained by her as a result of the death of her daughter, Linda Chastine Yarborough, who was killed when the automobile driven by her daughter collided with the automobile driven by the appellant.

In reply to appellee's suit, appellant filed a plea of privilege to be sued in the county of his residence. Appellee subsequently filed her controverting plea in which she sought to hold venue in Shelby County under Subd. 9a, Art. 1995, Vernon's Ann.Civ. Stat. In her controverting plea, appellee ·adopted the allegations of her second amended original petition alleging that the appellant was guilty of negligence proximately causing the collision and resulting death of her daughter, as follows: (a) in driving his automobile at an excessive rate of speed; (b) in failing to keep a proper lookout; (c) in failing to apply his brakes; and (d) in turning his automobile into the eastbound traffic lane occupied by plaintiff's daughter. After a hearing, the trial court overruled appellant's plea of privilege and he perfected this appeal.

The trial court filed findings of fact and conclusions of law, finding appellant guilty of "negligence and carelessness" proximately causing the death of Linda Chastine Yarborough and based thereon concluded that venue was properly laid in Shelby County, Texas, under Sec. 9a, Art. 1995, supra. The finding of negligence was of a general nature and was not confined to any specific act of negligence.

The evidence offered by appellee to sustain venue in Shelby County consists of the deposition testimony of the appellant and the testimony of Chester Williford, an ambulance driver. According to appellant's deposition testimony, the accident occurred on January 9, 1965, on a public highway leading from the City of Nacogdoches to the City of Center, Texas. He testified that he and his wife, traveling in their Thunderbird automobile, had left Nacogdoches at approximately 11:00 A.M. and were going to Center in search of antiques; that shortly after they had passed the town of Martinsville, his wife noticed a well pulley at an abandoned farm home on the left-hand side of the highway. After discussing the matter, they decided that they might be interested in acquiring the well pulley as an antique. He testified that he made a U-turn upon the highway and then proceeded back past the abandoned house where he and his wife again looked in the direction of the well pulley. After observing it, they decided they were not interested in it and would not stop. He testified that it was a dark and rainy day. Immediately before the collision, he testified that he was traveling on his right-hand side of the highway at a speed of approximately ten miles per hour; that he had previously noticed the deceased's Falcon automobile approaching him at a distance of approximately 100 yards, but did not notice anything unusual about the movement of the automobile. He further testified that as he traveled along the highway, he was looking at the shoulder on the right-hand side

of the road to see if it was safe, considering the dimness of the weather, to pull off on the right-hand side and make another U-turn so that they could continue on their way to Center; that while he was looking at the shoulder, he suddenly heard a noise and looked up and saw the deceased's automobile sliding toward him sideways in his lane of traffic; that he applied his brakes but did not know whether or not his automobile stopped before the impact. Immediately before the impact, according to his testimony, deceased's automobile was sliding sideways in his lane of travel and upon impact, the front end of his vehicle struck the right front door of deceased's automobile. He testified that after the impact, his automobile came to rest upon the shoulder on his right-hand side of the highway and that the deceased's automobile was in his lane of travel upon the paved portion of the roadway.

Chester Williford, the ambulance driver, in addition to testifying that the accident occurred in Shelby County, testified that on the way to the hospital, appellant made a statement to him with reference to the accident. His testimony in this connection was as follows:

"Q  All right sir.  I ask you what was that statement?

"* * *

"A  Well, he told me that he was an antique collector and he had spotted this old pulley on a well and he went back to see about it and when he looked around or looked up, one or the other, that he discovered this car out of control coming towards him.

"Q  Did he say he had been looking back at the well pulley?

"A  He said he had been looking for the well pulley.

"Q  All right.  At the time of the accident, did he say—state whether or not he had been looking at the well pulley at the time of the accident?

"A  He said he had gone back to try to find this old well pulley and when he looked up, he saw the car coming towards him out of control.

"Q.  All right.  But he did say emphatically he was looking at the well pulley?

"A  Yes, sir."

At the conclusion of appellee's evidence, appellant rested without offering any evidence.  Because of the nature of the case, we have attempted hereinabove to set forth fully all the evidence offered by appellee to sustain her burden of proof.

Appellant contends that there is no evidence, or in the alternative the evidence is insufficient, to support the finding of the trial court that he was guilty of negligence or carelessness proximately causing the collision.

The provisions of Subd. 9a of the venue statute specifically provides that in order for a plaintiff to sustain venue in a county other than defendant's residence, the plaintiff must prove by a preponderance of the evidence (1) that an act or omission of negligence occurred in the county where the suit was filed; (2) that such act or omission was that of the defendant, in person, or that of his servant or representative acting within the scope of his employment; and (3) that such negligence was a proximate cause of plaintiff's injuries.  McDonald, Texas Civil Practice, Vol. 1, Sec. 4.17.5.

The cases under Subd. 9a holding that the plaintiff has the burden of pleading and proving by a preponderance of the evidence each of the foregoing elements are legion.  Compton v. Elliott, 126 Tex. 232, 88· S.W.2d 91 (1935); Calhoun v. Padgett (Tex.Civ.App.), 409 S.W.2d 890.

As we view the record, appellee has wholly failed to present any evidence showing appellant guilty of any act of negligence proximately causing the collision in question. As stated above, there were no witnesses to the accident other than the appellant. Although the record shows that the accident was investigated by patrol officers, the record contains no evidence of any skid marks upon the highway, or any other physical evidence tending to show that the appellant's automobile had crossed into the deceased's lane of travel. Nor is there any evidence in the record showing that the accident or any part thereof occurred on appellant's left-hand side of the highway. The only evidence in the record explaining the way the accident occurred was the testimony of appellant. According to his testimony, at the time of the collision he was on his right-hand side of the highway, traveling at a speed of approximately ten miles per hour. When he first noticed anything out of the ordinary, deceased's automobile was in his lane of travel. He testified that he immediately applied his brakes. His testimony, though introduced under the adverse party rule, stands uncontradicted and unimpeached. Without his testimony, there is nothing in the record which would explain anything about the occurrence in question. In the absence of circumstances or countervailing proof to the contrary, his testimony will be taken as true. 24 T.J.2d, Sec. 719, p. 383–384; Phenix Dairy v. White (Tex.Civ.App.), 169 S.W.2d 492. As we view his testimony, it fails to raise any issue of negligence, either in traveling at an excessive speed, failing to apply his brakes, or turning his automobile into the eastbound lane of traffic occupied by the deceased. On the contrary, his uncontradicted testimony tends to exonerate him of any act of negligence in those respects. This leaves only the question of whether the judgment may be sustained upon appellant's failure to keep a proper lookout. While appellant's testimony, together with that of the ambulance driver, would no doubt be sufficient to support the implied finding of negligence in that respect, we have nevertheless concluded that the evidence, as a matter of law, shows that the failure to keep a proper lookout was not a proximate cause of the collision. According to the well-established rule, failure to keep a proper lookout can only be deemed a proximate cause where the keeping of it would have prevented the unfortunate occurrence. Volkmer v. Curlee (Tex.Civ.App.), 261 S.W.2d 870; Taylor v. Brooks (Tex.Civ. App.), 392 S.W.2d 878. As we view the evidence, it conclusively shows that even though appellant had been looking directly at the deceased's automobile from the time it skidded into his lane of travel until the time of the impact, he would have, nevertheless, been unable to have avoided the collision. If this be true, it follows that appellant's failure to keep a proper lookout was the cause in fact of the collision and consequently could not have been a proximate cause thereof. For the same reason, it likewise appears that neither the speed of appellant's vehicle nor his failure to apply the brakes could have been a proximate cause of the collision.

Appellee argues, however, that even though there was no direct evidence of negligence and proximate cause, the judgment is supported by circumstantial evidence. We agree with appellee's assertion that a cause of action may be established by circumstantial evidence. We also agree that in passing upon the evidence, we must view it in a light most favorable to appellee and discard all evidence to the contrary. Even so, we are constrained to disagree with appellee's contention in this respect.

Appellee contends that there was sufficient circumstantial evidence to show that shortly before the accident, appellant had passed deceased as she proceeded toward Center. Upon noticing the abandoned house on the left of the highway, he proceeded to make a U-turn and proceeded back to the abandoned house, and upon deciding not to stop, suddenly commenced

turning his automobile to his left across the center of the highway preparing to make another U-turn; that upon observing this situation, deceased applied her brakes, causing her automobile to skid and collide with appellant. While it is possible that the accident may have occurred in this manner, our search of the record fails to reveal any evidence of probative force which would support such a theory. Certainly there is nothing in the direct testimony of the appellant indicating that he was driving upon the left-hand side of the highway or was in the act of turning across the highway, nor do the physical facts and circumstances surrounding the scene of the accident so indicate.

To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute a basis of legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing. At all events they must not be equally consistent with the non-existence of the ultimate fact. Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669; Big Three Welding Equipment Company v. Reeh (Tex.Civ.App.), 301 S.W.2d 504 (1957). At most, the evidence raises no more than a surmise or a suspicion that appellant may have committed some act or omission which caused the deceased to lose control of her automobile. Of course, it goes without saying that a mere speculative conclusion cannot form the basis of a finding of negligence and proximate cause.

We have examined the statement of facts in a light most favorable to the judgment and have indulged every reasonable inference in favor thereof, yet we believe the evidence compels the conclusion that venue cannot be sustained in Shelby County. Accordingly, the judgment is reversed and the cause is ordered transferred to Jasper County, Texas.