**MOBILE, INC., d/b/a Mobile Well Service,
Appellant,**

v.

**Johnson CONE, Appellee.**

No. 491.

Court of Civil Appeals of Texas,
Tyler.

July 9, 1970.

Rehearing Denied Aug. 13, 1970.

Ramey, Brelsford, Flock, Devereux &
Hutchins, Jack W. Flock, Mike A. Hatch-
ell, Tyler, for appellant.

John B. McDonald, A. D. Henderson,
Palestine, for appellee.

DUNAGAN, Chief Justice.

The appellee Johnson Cone brought this
suit for the recovery of damages for per-
sonal injuries sustained by him as a result
of certain work-over operations on an oil
well operated by Texas General Producing
Company (of which Cone was a stockhold-
er) near Austonio, Texas. Appellee was
injured by a blast of gas from the casing
when a red flexible hose between the cas-
ing and the flow line on the well blew off
under pressure. Judgment was entered
upon a jury verdict in favor of appellee in
the sum of approximately $13,500.00.

The jury answered only one of two sets
of primary negligence issues submitted to
them, finding that an employee of appel-
lant attached the red flexible hose which
blew off its fittings to the well head and
that such was negligence which proximate-
ly caused the accident in question. Appel-
lant attacks the submission of these special
issues with "no evidence" points and also
attacks the jury findings with "insufficient
evidence" points. Appellant also presents
an additional point involving newly discov-
ered evidence.

The flexible hose was attached to the
well head in an attempt to bleed off the
pressure preparatory to appellant washing
out the well. Both sides testified that the
use of such a hose, being of a low pressure
type, was unsafe for this operation, but no
witness could say who actually attached
the hose to the well head. Thus, this vital
issue must be established by circumstantial
evidence. In regard to the proof of facts

by circumstantial evidence, this court has made the following statement:

"To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute a basis of legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing. At all events they must not be equally consistent with the nonexistence of the ultimate fact. * * *" Bledsoe v. Yarborough, 422 S.W.2d 222, 227 (Tex.Civ. App., Tyler, 1967, n. w. h.), and cases therein cited.

■ In passing upon appellant's "no evidence" points, we must consider only the evidence that would tend to support the jury finding and disregard all evidence to the contrary. Thoreson v. Thompson, 431 S.W.2d 341 (Tex.Sup., 1968); Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup., 1965); Lindley v. Lindley, 384 S.W.2d 676 (Tex. Sup., 1964). The circumstances relied upon by appellee to establish the ultimate fact of who attached the hose to the well head are as follows: Approximately one week prior to the date of the accident appellant was hired to wash out this same well and at that time appellant did bleed off the pressure. The day before the accident, appellant having been rehired to again wash out this well, appellee's contract pumper asked appellant's crew supervisor to bleed the well pressure, but the hook-up was not made at that time. When appellee and his pumper arrived at the well site on the day of the accident, the hook-up had been made. A crew hired to construct a pumping unit platform was on the site both the day before and the day of the accident, but there was no showing that their work required doing anything to the well head. The crew of appellant had been on the job for about three hours prior to the accident, and at the time of the accident was still rigging up, though the job of rigging usually took only an hour and a half to complete.

■ Appellee-plaintiff has the burden to establish his alleged cause of action against appellant-defendant by legal and competent evidence, i. e. that the appellant did, in fact, attach the hose to the well head. Williams Sign Co. v. Rodgers, 24 S.W.2d 478 (Tex.Civ.App., Amarillo, 1930, n. w. h.); Willow Hole Independent School Dist. v. Smith, 123 S.W.2d 708, 710 (Tex. Civ.App., Waco, 1939, writ ref.). This he has not done.

Evidence that it is possible that appellant attached the hose to the well head cannot be accepted as evidence it did so. It must be proved. Leatherwood Drilling Company v. TXL Oil Corporation, 379 S.W.2d 693, 697 (Tex.Civ.App., Dallas, 1964, writ ref., n. r. e.; Bowen v. East Texas Hospital Foundation, 400 S.W.2d 843, 849 (Tex. Civ.App., Tyler, 1966, writ ref., n. r. e.).

■ In our opinion, these circumstances present no more than a scintilla of evidence of the fact sought to be established, and raise no more than a mere surmise or suspicion that appellant's employees were the ones responsible for and did in fact attach this hose to the well head. These circumstances can be said to be equally consistent with a conclusion that some other person attached this hose. Appellant's "no evidence" points are sustained.

We have not discussed appellant's point relating to the insufficiency of the evidence to support the jury findings in answer to special issues numbers 5, 6, and 7, but if this point should be reached, we would hold that the evidence is insufficient to support such findings. As our view of the case requires a reversal of the trial court's judgment, we do not reach nor

comment upon appellant's point concerning newly discovered evidence.

The judgment of the trial court is accordingly reversed and rendered in favor of appellant.

Reversed and rendered.