J. C. COOK et al., Appellants,

v.

W. L. COOK, Jr., et al., Appellees.

No. 923.

Court of Civil Appeals of Texas, Tyler.

June 3, 1976.

John S. Ament, Jacksonville, for appellants.

Jerry L. Calhoon, McDonald & Calhoon, Palestine, for appellees.

DUNAGAN, Chief Justice.

This appeal involves the title to a portion of a 230.5-acre tract of land located in Anderson County, Texas. Appellants' claim requires the tracing of funds belonging to one community estate into the purchase of the land in question during a subsequent community.

Appellants, J. C. Cook, James V. Cook, Amelia Cook Posey, and the heirs of Edgar and Wilmur Cook, some of the children of W. L. Cook, Sr., and Eula Todd Cook, sought to establish a ½ interest in a 230.5-acre tract of land inherited from their mother who died intestate on February 27, 1920. The property was devised by W. L. Cook, Sr., in 1938 to W. L. Cook, Jr., and Edna Mae Broughton, his children by his marriage to Maggie Goodman Cook, and to Mary Mannix, a daughter by his marriage to Eula Todd Cook. W. L. Cook, Jr., and Edna Mae Broughton originally instituted this suit against Mary Mannix for partition of the 230-acre tract; appellants intervened claiming a ½ interest by and through their deceased mother, Eula Todd Cook. The only issue submitted to the jury was whether the intervenors had any interest in this land. The jury answered affirmatively. The appellees' motion for judgment non obstante veredicto was granted and judgment rendered awarding the land involved to W. L. Cook, Jr., Edna Mae Broughton and Mary Mannix and ordering a partition of the land between them. The judgment further ordered that appellants take nothing by their petition of intervention. Appellants-intervenors have appealed. They contend that there was some evidence to support the jury's finding. The appellants-intervenors argue that this property, although purchased after the death of their mother, through whom they claim title was purchased with funds of the community estate of Eula Todd Cook, deceased, and as such descended to the appellants through the process of intestate succession.

It is undisputed that W. L. Cook, Sr., and Eula Todd Cook were married on September 8, 1912, and that Eula Todd Cook died February 21, 1920. The 230-acre tract of land in question was purchased by and in the name of W. L. Cook, Sr., on November 3, 1921, which was during his marriage to Maggie Goodman Cook, for the consideration of $50 cash and $2,750 promissory note payable by W. L. Cook, Sr., on January 1, 1922. Thus, at the time this purchase was made, Eula Todd Cook, the mother of appellants-intervenors, was deceased. On June 28, 1920, W. L. Cook, Sr., acting individually and as survivor of the community estate of himself and Eula Todd Cook, sold timber (from a different tract of land than that involved in the instant case) belonging to the community for $6,000 in cash and $12,000 in 2 notes due on January 1, 1921, and January 1, 1922. The second and final note set out in the timber deed was due and payable on January 1, 1922, which was the same day that W. L. Cook, Sr., was to pay the promissory note described in the deed, whereby he had acquired the property in question.

Appellants rely on circumstantial evidence to establish their claim. The circumstances relied on by appellants to establish the ultimate fact of whether the property in question was purchased with funds of the community estate of their deceased mother, Eula Todd Cook, are as follows: that W. L. Cook, Sr., was not wealthy during their childhood; that the note for the land was payable by W. L. Cook, Sr., on January 1, 1922; and that one of the notes for the timber was payable to W. L. Cook, Sr., on January 1, 1922, which was the same day that he was to pay the promissory note described in the deed, whereby he had acquired the property in question. Appellees respond that there is no evidence that W. L.

Cook, Sr., purchased the 230-acre tract with funds belonging to the estate of Eula Todd Cook rather than with his share of the timber money.

We said in *Mobile, Inc. v. Cone,* 457 S.W.2d 175 (1970, writ ref'd n. r. e.);

". . . In regard to the proof of facts by circumstantial evidence, this court has made the following statement:

'To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute a basis of legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing. At all events they must not be equally consistent with the nonexistence of the ultimate fact. . . .' *Bledsoe v. Yarborough,* 422 S.W.2d 222, 227 (Tex. Civ.App., Tyler, 1967, n. w. h.), and cases therein cited."

■ Appellants have the burden to establish their claim against the appellees by legal and competent evidence, i. e., that the funds used to purchase the property in question came from the community estate of Eula Todd Cook, deceased. *Mobile, Inc. v. Cone,* supra; *Arkansas-Louisiana Gas Co. v. Warren,* 460 S.W.2d 460, 463 (Tex.Civ. App.—Tyler 1970, n. w. h.).

Evidence that it is possible or probable that the funds that went into the purchase of the land in question came from the community estate of Eula Todd Cook, deceased, came or may have come from said estate cannot be accepted as evidence that the funds did so. It must be proved. *Mobile, Inc. v. Cone,* supra.

■ In our opinion, these circumstances present no more than a scintilla of evidence of the fact sought to be established and raised no more than a mere surmise or suspicion that the purchase price of the property in question came from the community estate of Eula Todd Cook. These circumstances can be said to be equally consistent with a conclusion that the purchase price came from the funds of W. L. Cook, Sr. The evidence gives rise to nothing more than equal probabilities or possibilities as to the source of the funds that went into the purchase of the land in question. *Mobile, Inc. v. Cone,* supra; *Arkansas-Louisiana Gas Co. v. Warren,* supra; *Imperial Casualty & Indemnity Company of Omaha, Nebraska v. Terry,* 451 S.W.2d 303, 308 (Tex.Civ.App.—Tyler 1970, n. w. h.).

To sustain appellants' contention made in this case, it must be presumed (1) that W. L. Cook, Sr., received the monies due under the timber deed on said date or at least prior to paying the note described in his deed to the land in question; (2) that W. L. Cook, Sr., used part of that money to pay the note described in his deed to the land in question; and (3) that he did not use the portion of the money received that was his individually; rather, that he used at least a portion of that belonging to the estate of Eula Todd Cook.

■ The law is settled in Texas that one presumption cannot be based upon another presumption. *Arkansas-Louisiana Gas Co. v. Warren,* supra; *Imperial Casualty and Indemnity Co. of Omaha, Nebraska v. Terry,* supra; *Gray v. Bird,* 380 S.W.2d 908 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.). The law does not permit pyramiding of one presumption upon another, even though the original presumption be indulged, because an ultimate fact thus arrived at is too conjectural and speculative to support a judgment. *Briones v. Levines Dept. Store, Inc.,* 446 S.W.2d 7, 10 (Tex.1969).

The competent evidence as shown by the record in this case leaves the claim of appellants a matter of speculation, conjecture and surmise. From what we have said it follows that in our opinion the trial court correctly sustained appellees' motion for judgment non obstante veredicto.

The judgment of the trial court is affirmed.