FORT WORTH STEEL AND MACHIN-
ERY COMPANY et al., Appellants,

v.

Michael Darby NORSWORTHY,
Appellee.

No. 1157.

Court of Civil Appeals of Texas,
Tyler.

July 27, 1978.

Rehearing Denied Aug. 31, 1978.

Michael L. Dunn, Kenley, Boyland, Hawthorn, Starr & Coghlan, Larry W. Starr, Mathew Dove, Roberts, Harbour, Smith, Harris, French & Ritter, Otto A. Ritter, Longview, for appellants.

Rick McPherson, Crawford Parker, Jr., Carthage, for appellee.

DUNAGAN, Chief Justice.

This is a venue action in which the appellants have appealed from an order overruling their pleas of privilege.

Appellee, plaintiff in the court below, instituted this action in the 123rd District Court of Panola County, Texas against Fort Worth Steel & Machinery Company, hereaf-

ter referred to as "Fort Worth Steel," and Refrigeration Engineering Corporation, hereafter referred to as "Refrigeration."

This suit arises out of personal injuries allegedly sustained by Michael Darby Norsworthy, appellee, at the Rite-Care Poultry Processing Plant in Panola County, Texas on December 21, 1971. On that date, appellee was working alone in the "ice house" of the Rite-Care plant. A screw-type conveyor system in the "ice house" was utilized to carry ice to other portions of the plant. A grill, consisting of four ½″ steel bars, covered the trench in which the conveyor was located. As the appellee stood on the grill, it suddenly "gave way" and his right leg became entangled in the conveyor below, severing it four inches below the hip.

The conveyor system and grill were designed and manufactured by Fort Worth Steel prior to being sold to Refrigeration, who then installed the system and grill in the Rite-Care plant. Appellee first seeks recovery for his personal injuries against both appellants on the grounds of strict liability in tort, alleging that the conveyor system and grill were defectively designed so as to be unreasonably dangerous. Additionally, appellee alleges that Refrigeration is liable for negligent installation of the system.

Both appellants filed pleas of privilege; Fort Worth Steel to be sued in Tarrant County, Texas and Refrigeration to be sued in Bexar County, Texas. Appellee, by his amended controverting plea, asserted that venue was properly placed in Panola County, Texas on the basis of sections 9a, 23, and 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. However, in his brief appellee waived his allegation that venue is proper in Panola County, Texas under section 29a. The venue hearing was before the court without a jury and the trial court overruled both pleas of privilege. Appeal therefrom has been timely perfected to this court by both Refrigeration and Fort Worth Steel. No findings of fact or conclusions of law were requested by any party and none were filed.

Appellants, Fort Worth Steel and Refrigeration, contend in their briefs that venue is not properly placed in Panola County, Texas under section 23 of Article 1995, Tex. Rev.Civ.Stat.Ann. Refrigeration also asserts that venue may not be maintained in Panola County, Texas against them under section 9a. It is uncontroverted that the residence of Fort Worth Steel is Tarrant County, Texas and that the principal place of business and residence of Refrigeration is Bexar County, Texas.

■ The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat the defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to plead and *prove by a preponderance of the competent evidence* that the case comes within one of the statutory exceptions. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (Tex.Comm.App.1935, holding approved); *Berry v. Pierce Petroleum Corporation,* 120 Tex. 452, 39 S.W.2d 824 (Tex. Comm.App.1931, holding approved); *General Motors Corporation v. Courtesy Pontiac, Inc.,* 538 S.W.2d 3 (Tex.Civ.App.—Tyler 1976, n. w. h.); *Beall Brothers, Inc. v. Benton,* 478 S.W.2d 157 (Tex.Civ.App.—Tyler 1972, n. w. h.); *Ideal Baking Company v. Boyd,* 417 S.W.2d 613 (Tex.Civ.App.—Tyler 1967, n. w. h.); *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,* 389 S.W.2d 694 (Tex.Civ.App.—Tyler 1965, n. w. h.).

■ The burden imposed upon the plaintiff is one which is predicated on the belief that the defendant's right to be sued in the county of his domicile is an invaluable right and this right will be vitiated only when the evidence clearly supports the maintenance of venue in some other county. The right to be sued in one's own county is a right jealously guarded by the court and exceptions to the general rule must clearly appear. Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to have the case transferred to the county of his domicile. *Goodrich v. Superior Oil Company,* 150 Tex. 159, 237 S.W.2d 969 (1951); *Burtis v. Butler Bro's.,* 148 Tex. 543, 226 S.W.2d 825 (1950); *Seldon v. Green,* 498 S.W.2d 285 (Tex.Civ.App.—

Tyler 1973, n. w. h.); *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,* supra.

The venue facts which the plaintiff must allege and prove to defeat a plea of privilege are those stated in the particular exception of Article 1995 applicable to the cause of action as alleged. The burden is on the plaintiff to establish those venue facts by a preponderance of the competent evidence. *Wire Rope Corporation of America, Inc. v. Barner,* 446 S.W.2d 361 (Tex.Civ. App.—Tyler 1969, n. w. h.). A prima facie case, alone, is not sufficient. *Compton v. Elliott,* supra; *Lynch v. Millican,* 304 S.W.2d 410 (Tex.Civ.App.—Waco 1957, n. w. h.). Venue may not be established by the plaintiff on the basis of mere implication. *Burtis v. Butler Bro's,* supra; *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257 (Tex.Civ.App.— Corpus Christi 1974, n. w. h.); *Reynolds & Huff v. White,* 378 S.W.2d 923 (Tex.Civ. App.—Tyler 1964, n. w. h.); *Key v. Davis,* 554 S.W.2d 60 (Tex.Civ.App.—Amarillo 1977, n. w. h.); *T. L. James & Company v. Waldrep,* 385 S.W.2d 866 (Tex.Civ.App.— Fort Worth 1965, n. w. h.); *Ideal Baking Company v. Boyd,* supra. This requirement is supported by considerations of public policy grounded upon the premise that otherwise it would be too easy by mere allegation and statements of conclusion to defeat the defendant's right to be sued at his domicile. McDonald, Texas Civil Practice, Vol. 1 sec. 4.55(b), pp. 612, 613.

Appellee in the instant case relies, in part, upon section 23 of the venue statute. No attempt was made to plead or prove that either appellant had its principal office in Panola County, Texas; or that either had an agent or representative in such county. Venue, therefore, may be maintained in Panola County under section 23 only by establishing that the "cause of action or part thereof" arose in that county. Prior to reaching the question of where the "cause of action or part thereof" arose, it must first be determined whether or not the appellee, by a preponderance of the competent evidence, established that he did in fact have a cause of action against appellants. *Wire Rope Corporation of America, Inc. v. Barner,* supra. Unless there is, in fact, a cause of action, there could be no "part thereof" arising anywhere. *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,* supra.

Appellee first seeks to impose liability on both appellants based on strict liability in tort. In order to sustain his burden of proof, the appellee was required to establish that: (1) appellant sold the product in a defective condition, (2) the product reached the appellee without substantial change, and (3) the defective condition of the product caused the injury to appellee. *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967); *John Deere Company v. Ramirez,* 503 S.W.2d 382 (Tex. Civ.App.—Amarillo 1973, writ dism'd); *Wright v. Climatic Air Sales, Inc.,* 527 S.W.2d 518 (Tex.Civ.App.—Houston [1st Dist.] 1975, n. w. h.). The Supreme Court stated in *Technical Chemical Company v. Jacobs,* 480 S.W.2d 602 (Tex.1972): "[i]n strict liability cases, proof of negligence is excused; but neither Section 402A [Restatement (Second) of Torts (1965)], nor our former decisions have excused proof that the defect in the product was the cause of the injuries." Proof of causation is a necessary element of a strict liability case. *Technical Chemical Company v. Jacobs,* supra; *Pittsburgh Coca-Cola Bottling Works of Pittsburgh v. Ponder,* 443 S.W.2d 546 (Tex.1969); *Darryl v. Ford Motor Company,* 440 S.W.2d 630 (Tex.1969); *Menking v. Bishman Manufacturing Company,* 496 S.W.2d 762 (Tex.Civ.App.—Corpus Christi 1973, n. w. h.).

Appellants contend that the court below erred in overruling their pleas of privilege because there is no evidence to support the maintenance of venue in Panola County, Texas under section 23 of Article 1995, Tex.Rev.Civ.Stat.Ann. In determining this "no evidence" point, it is the duty of this court to look only to the evidence and reasonable inferences therefrom which are favorable to the judgment of the court below. *General Motors Corporation v.*

*Courtesy Pontiac, Inc.,* supra; *Ralston Purina Company v. Wiseman,* 467 S.W.2d 669 (Tex.Civ.App.—El Paso 1971, n. w. h.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361, 364 (1960).

In the instant case, appellee called Dr. Bart Childs, a professor of mechanical engineering at Texas A & M University, as an expert witness. Dr. Childs testified that the grill and conveyor system had a number of design defects which rendered them defective and unreasonably dangerous. There was also evidence presented from which it could be concluded that the grill and conveyor system reached the appellee in a substantially unchanged condition. The appellee failed, however, to prove any causal link between the design defects established by the testimony of Dr. Childs and the resulting injuries.

The appellee testified in his deposition that the bar, upon which he was standing, suddenly "gave way." He was unable to explain why the ½″ steel bar parted, thereby causing him to fall into the conveyor. Mr. Crowley was the maintenance man at the Rite-Care plant at the time this accident occurred. He stated that immediately after the accident, the steel bar was loose at one end and bent downward into the trench where the conveyor system was located. He did not examine the bar closely however and was unable to explain why the bar parted. Dr. Childs testified that metallurgical tests could have determined exactly why the solid steel bar broke loose, but that such tests had not been performed. Dr. Childs did offer an opinion, which he admitted was speculation on his part, that the grill could have been weakened by "stress reversal."

Appellee's reliance on this testimony is an attempt to prove the causal connection between the alleged defects and the resulting injury by pyramiding inferences. Dr. Childs began with the premise that all bearings generate "some heat." There is no evidence in the record here as to how much heat was generated by the bearings in this conveyor; Dr. Childs inferred that it was sufficient to melt ice. Dr. Childs then concluded that the ice refroze into a "glob" which was forced up when operations were resumed. There was no direct evidence offered that the ice did melt in this conveyor system nor that the ice refroze and then pushed up on the grill. Dr. Childs then drew a third inference; that the ice pushing up, along with the weight of the men and ice above pushing down, created "stress reversal" in the grill which weakened it. Finally Dr. Childs concluded that in all likelihood the continuity of the bar was interrupted because of such stress reversal and resulted in the injuries to the appellee.

There is no direct evidence allowing us to pyramid these inferences; consequently, the testimony raises at best a mere surmise or suspicion. *Systech Financial Corporation v. Vaughn,* 558 S.W.2d 105 (Tex.Civ.App.—Tyler 1977, n. w. h.). An inference is a deduction which the reason of the jury (or trier of fact) makes *from the facts proved. Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059 (1898); *Strain v. Martin,* 183 S.W.2d 246 (Tex.Civ.App.—Eastland 1944, n. w. h.). It is well settled that an issue of fact may be raised by circumstantial evidence. However, where such evidence is relied upon, the testimony must establish the circumstances which support the inference drawn. *Bass v. General Motors Corporation,* 491 S.W.2d 941 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

> ". . . the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference as to the existence of the fact; the circumstances in question may not amount to merely a surmise, suspicion, or purely speculative conclusion as to the fact's existence. Moreover, the circumstances relied on must themselves be proved by direct evidence; they may not be shown by inference or presumption." 24 Tex. Jur.2d Sec. 728 pp. 399, 400.

The process of piling one inference upon another is not permitted under the law and such testimony amounts to no evidence. *Texas Sling Company v. Emanuel,* 431 S.W.2d 538 (Tex.1968); *Carroll v. Ford Mo-*

*tor Company,* 462 S.W.2d 57 (Tex.Civ.App. —Houston [14th Dist.] 1970, n. w. h.).

"If the evidence merely shows enough to satisfy an inference that the circumstances may have existed, from which by a further process of logic it is sought to draw a second inference as to the truth of a basic fact proposition, the connection is too attenuated to raise a jury issue." *Bass v. General Motors Corporation,* supra at 942.

See also *Bledsoe v. Yarborough,* 422 S.W.2d 222 (Tex.Civ.App.—Tyler 1967, n. w. h.); *Mobile, Inc. v. Cone,* 457 S.W.2d 175 (Tex. Civ.App.—Tyler 1970, ref'd n. r. e.).

▌ Unless the plaintiff meets the burden of proof imposed upon him to clearly establish the existence of an exception to the general rule of venue, the defendant is entitled to have the cause transferred to his county of domicile. *Seldon v. Green,* supra; *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,* supra. An equal doubt between an exception to the venue rule and the defendant's right to be sued in his home county must be resolved in favor of the defendant's right. *Goodrich v. Superior Oil Company,* supra; *Seldon v. Green,* supra; *First National Bank of Yorktown v. Pickett,* 555 S.W.2d 547 (Tex.Civ. App.—Corpus Christi 1977, n. w. h.). Appellee has failed to show that venue is properly placed in Panola County, Texas under section 23, Article 1995, Tex.Rev.Civ.Stat. Ann.

In addition to section 23, appellee contends that venue is properly placed in Panola County, Texas, as against appellant Refrigeration, under section 9a, Article 1995, Tex.Rev.Civ.Stat.Ann. Appellee alleges that Refrigeration negligently installed the grill over the trench in which the conveyor was located. Refrigeration asserts, in their second point of error, that appellee failed to prove the venue facts required and that there is no evidence to support the maintenance of venue in Panola County under section 9a.

The venue facts required to be established under Section 9a are (1) that an act or omission of negligence occurred in the county where suit was filed; (2) that such act or omission was that of the defendant, in person, or that of his servant or representative acting within the scope of his employment; and (3) that such negligence was a proximate cause of plaintiff's injuries. *Reynolds & Huff v. White,* supra, *Calhoun v. Padgett,* 409 S.W.2d 890 (Tex. Civ.App.—Tyler 1966, n. w. h.); *Bledsoe v. Yarborough,* supra; *Seldon v. Green,* supra; McDonald, Texas Civil Practice, Vol. 1, Sec. 4.17.2, pp. 476–480.

▌ Refrigeration installed the grill by using metal clips on every third cross member. Although this acted to strengthen and add stability to the cross members, Dr. Childs concluded that this manner of installation made the grill as a whole twice as weak. This is the full extent of the evidence offered to prove an act or omission of negligence by Refrigeration. Dr. Childs' testimony establishes nothing more than the fact that the method of installation used made the grill stronger in some ways and weaker in others. The fact that the grill as a whole would be twice as strong by using a different manner of attachment, standing alone, is no evidence of negligence. There are few machines or jobs which could not be done better; merely because an act is not done perfectly, is not evidence that it was done negligently. Since no standard of care is established, it is left to speculation or conjecture as to whether or not the manner of installation employed by Refrigeration constituted negligence.

"Negligence may not be established by mere conjecture or guess, nor may it be presumed. It must be proved." *Bowen v. East Texas Hospital Foundation,* 400 S.W.2d 843 (Tex.Civ.App.—Tyler 1966, ref'd n. r. e.). See also *Bledsoe v. Yarborough,* supra. The mere fact that the plaintiff was injured or that an accident occurred is not evidence of negligence or that any injuries were proximately caused by actions or omission of the defendant. *Bowen v. East Texas Hospital Foundation,* supra; *Calhoun v. Padgett,* supra; *Seldon v. Green,* supra; *Bledsoe v. Yarborough,* supra. When the burden of proof is on the plaintiff to show

**138**

that the injury was negligently caused by the defendant, it is not sufficient to show the injury, together with the expert opinion that it might have occurred from negligence and many other causes. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (Tex. 1949). As this Court stated in *Bledsoe v. Yarborough,* supra at 227: "Of course, it goes without saying that a mere speculative conclusion cannot form the basis of a finding of negligence and proximate cause."

We have examined the statement of facts in a light most favorable to the judgment and have indulged every reasonable inference thereof, yet we believe the evidence compels the conclusion that venue cannot be sustained in Panola County, Texas. We reverse the judgment of the trial court and herein render judgment sustaining the pleas of privilege of appellants, Fort Worth Steel and Machinery Company and Refrigeration Engineering Corporation, and order the respective causes transferred to a district court of Tarrant County, Texas, and a district court of Bexar County, Texas, in accordance with Rule 89, T.R.C.P.