08-21-00023-cv

ACCEPTED
08-21-00023-cv
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
11/1/2021 5:11 PM
ELIZABETH G. FLORES
CLERK

No. 08-21-00023-CV

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
11/1/2021 5:11:00 PM
ELIZABETH G. FLORES
Clerk

IN THE COURT OF APPEALS
FOR THE EIGHT DISTRICT OF TEXAS
AT EL PASO

JOSE SALVADOR HERNANDEZ,

*Appellant,*

v.

ARLEON, LLC AND ISSE INVESTMENT
GROUP CORPORATION,

*Appellees.*

ON APPEAL FROM THE 171ST DISTRICT COURT
EL PASO COUNTY, TEXAS
CAUSE NO. 2017DCV2709

**REPLY TO APPELLEES' BRIEF**

**David Pierce**
State Bar No. 15992700
**Law Office of David Pierce**
7598 N. Mesa, Suite 202
El Paso, Texas 79912
Telephone: (915) 465-0912
Facsimile: (915) 613-3487
Counsel for Appellant
Jose Salvador Hernandez

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES                                    1

ABBREVIATIONS AND RECORD REFERENCES                    2

RESPONSE TO STATEMENT OF FACTS                         3

SUMMARY OF THE ARGUMENT                                3

ARGUMENT AND AUTHORITIES                               3

PRAYER                                                 9

CERTIFICATE OF COMPLIANCE                              9

CERTIFICATE OF SERVICE                                 10

# INDEX OF AUTHORITIES

**Cases**                                                                        **Page**

*Worth Steel & Machinery Co v. Norworthy*, 570 S.W.2d 132, 136      4
(Tex. Civ. App-Tyler 1978, no writ)

*Camarillo v. Cabinets by Michael, Inc.*, 2018 Tex. App. Lexis 4851,     4
2018 WL 315 3539 (Tex. App-Fort Worth, June 28, 2018, pet den.)

*Brown v. Brown*, 145 S.W. 3d 745 (Tex. App.-Dal, 2004, pet den.)      4

*Brooks v. Sherry Lane National Bank*, 788 S.W. 2d 874          6
(Tex. App.-Dallas 1990, no writ)

*Miller v. Great Lakes Mgt. Serv., Inc*, No. 02-16-00087-CV,       6
2017 WL 1018592 at *2 (Tex. App.-Fort Worth, Mar. 16, 2017)
(mem. op.)

*Gilbert v. Kalman*, 2021 Tex. App. Lexis 6842,             6
2121 WL 3674083 & n.5 Tex. App.-El Paso, Aug. 19, 2021)

*Balderas-Ramirez v. Felder*, 537 S.W. 3d 625, 632          7
(Tex. App-Austin 2017, pet denied)

*Rapid Settlements, Ltd. v. Green*, 294 S.W. 3d 701, 706        8
(Tex. App-Houston [1st Dist.] 2009, no pet)

**Rules and Statues**

Texas Rule of Appellate Procedure 9.4 (e)                9

# ABBREVIATIONS AND RECORD REFERENCES

Appellant Jose Salvador Hernandez is referred to as Appellant

3H Logistics, LLC is referred to as "3H"

Appellee Arleon, LLC is referred to as "Arleon"

Arleon's principal Vicente Gomez is referred to as "Vicente"

Appellee ISSE Investment Group Corporation is referred to as "ISSE"

ISSE's principal Javier Gomez is referred to as "Javier"

The Clerk's Record is referred to as "CR (page number)"

The Reporter's Record is referred to as "RR (page number)"

## RESPONSE TO STATEMENT OF FACTS

Appellees claims that Appellant "has repeatedly admitted that he is responsible for paying the profits to Arleon and ISSE from the water hauling business. "(Aple.'s Br. p. 4) Appellees claim "Hernandez admitted that he personally owes $63,000 each". (Aple.'s Br. p. 5) (emphasis added) Appellant never used the word "personally" when he discussed payment to Appellees.

## SUMMARY OF THE ARGUMENT

This very simple case turns on whether Appellees, who were in a contract with 3H, can hold Appellant, the owner of 3H, liable for 3H's debt. The answer is no.

## ARGUMENT AND AUTHORITIES

Appellee raises six arguments, lettered A-F, in response to Appellant's brief. Appellant will respond to each of those arguments, though not in the order presented by Appellee.

**The Claim that the Affidavit Filed by Appellant is Conclusory Because It Fails to Raise Any Factual Inferences to Justify Its Conclusions Is Nonsensical and States No Argument Whatsoever (Response to Aple.'s Arg. D)**

Appellee claims that ". . . because the Affidavit is devoid of any factual inferences to support any conclusory statements, it is not competent evidence that would give rise to a genuine use of material fact." (Aple.'s Br. p. 24) An inference is a deduction which the reason of the trier of fact makes from the facts proved. *Ft.*

3

*Worth Steel & Machinery Co v. Norworthy*, 570 S.W.2d 132, 136 (Tex. Civ. App-Tyler 1978, no writ) The speaker implies, the hearer or reader infers. Appellee, as the speaker, could not "raise" any inference by definition, and therefore cannot respond to Appellees' argument as articulated.

### The Fact That The 3H Tax Returns, Checks And Reports Referred In The Affidavit Were Not Attached Does Not Render The Affidavit Conclusory, Because Those Documents Are Not The Source Of The Factual Information Contained in the Affidavit (Response To Aple.'s Arg. C)

The absence of attached documents only makes an affidavit defective and conclusory if the referenced papers are what provides the affidavit with a factual basis. *Camarillo v. Cabinets by Michael, Inc.*, 2018 Tex. App. Lexis 4851, 2018 WL 315 3539 (Tex. App-Fort Worth, June 28, 2018, pet den.). In other words, if the affidavit asserts conclusions based on facts contained in documents, the documents must be produced. If the affidavits contain factual allegations which incidentally refer to documents, those documents need not be attached.

For example, in *Brown v. Brown*, 145 S.W. 3d 745 (Tex. App.-Dal, 2004, pet den.), cited by Appellants, an expert witness in a divorce case based her conclusions on facts she observed in the divorce records, but she failed to attach the records. The court ruled that, without the records, there was no factual basis for the conclusions.

In the instant case, Appellant's affidavit stated the following facts:

1) He has personal knowledge of all facts stated therein;

4

2) He is the President of 3H Logistics and it is a Texas Corporation in existence;

3) The 3H business address;

4) That 3H filed tax returns every year;

5) There is no written contract between Appellant and Appellees;

6) At all times relevant to the lawsuit, 3H only did business with Appellees through 3H;

7) All payments under the contract were paid by 3H checks drawn on a 3H bank account;

8) Payments made to Appellees were written on 3H checks;

9) The reports Appellant provided Appellees were on 3H documents

10) Appellant was principal and agent for 3H, but it had the verbal contract with Appellees;

11) When Appellant was surreptitiously recorded, he and Appellees were talking about multiple parties and he was not being specific about any one;

12) Appellant does not now nor he has ever owed Appellants $126,000;

13) The business records attached to the affidavit, while not specific to Appellees, are business records from Appellant showing it to be an operating business. (CR 256-57)

These facts are personally known to Appellant because he prepared or caused to be prepared the documents in question. He is not testifying to facts he extracted from the documents; only that the documents exist. Appellees' argument fails.

**Appellant Was Not Required to Object to the Trial Court Striking His Affidavit; Such a Requirement Is Neither Necessary Nor Logical. In Any Event, Appellant Did Object (Aple.'s Arg. B)**

Citing *Brooks v. Sherry Lane National Bank*, 788 S.W. 2d 874 (Tex. App.-Dallas 1990, no writ), Appellees argues that Appellant failed to preserve error by not objecting to the trial court striking Appellant's affidavit filed in response to Appellees' Motion for Summary Judgment. (Aple.'s Br. p. 17) What Appellees should have included in its brief, but did not, is at least one other Texas Court of Appeals which expressly declined to follow the *Brooks* holding. See *Miller v. Great Lakes Mgt. Serv., Inc*, No. 02-16-00087-CV, 2017 WL 1018592 at *2 (Tex. App.-Fort Worth, Mar. 16, 2017) (mem. op.) (declining to follow the *Brooks* holding) Even more on point, this Court has specifically declined to rule on the issue. *Gilbert v. Kalman*, 2021 Tex. App. Lexis 6842, 2121 WL 3674083 & n.5 Tex. App.-El Paso, Aug. 19, 2021) (noting the conflict and declining to rule on the issue)

This Court should reject the requirement of objecting to the striking of summary judgment evidence in any case, but especially this one. The main purpose to an objection, motion for new trial or other statement of opposition by a party by

a ruling is two-fold: to make it clear to the Court that party's opposition to the action and to educate the Court that you believe they are committing error.

Some actions against a party are so adverse or prejudicial that the injured party's opposition is obvious. Thus, motions for new trial are not required after every adverse judgment, one does not need to have the Court "note my exception" after an adverse evidence ruling, and no Motion to Reconsider is necessary after a court strikes one's pleadings. Striking a summary judgment affidavit could only be prejudicial to its proponent, and only could be done by the judge with full awareness of the consequences. Another objection would be superfluous.

In any case, Appellant did argue against striking the motion and informed the Court why. (CR 38) How would a subsequent objection have better preserved the error? Appellants' argument should be rejected.

### The Fact That Appellees Established All Elements Of A Breach Of Contract Claim Against Appellant Is Irrelevant; Appellant Met His Burden By Presenting Evidence Raising A Fact Issue Regarding Appellant Being A Party To The Contract (Responsive To Aple.'s Point E)

To obtain a traditional summary judgment, a party must present evidence that establishes or negates a claim or defense as a matter of law. *Balderas-Ramirez v. Felder*, 537 S.W. 3d 625, 632 (Tex. App-Austin 2017, pet denied) If that burden is met, the non-movant must present evidence to raise a genuine issue of material fact that would defeat summary judgment. *Id.*

In the instant case, Appellants presented evidence of a contract and breach. Appellee presented evidence that he was not a party to the contact and, therefore, was not liable on the contract. It is fundamental that only parties to a contract can be held liable for the contract's breach. *Rapid Settlements, Ltd. v. Green*, 294 S.W. 3d 701, 706 (Tex. App-Houston [1st Dist.] 2009, no pet) Thus, summary judgment was improper.

### Appellees' Claim That Appellant Failed To Brief His Claim Is Inaccurate: The Facts Established His Position, He Provided the Standard of Review and His Argument Identified and Explained the Error; Citation to Further Authority was Unnecessary (Response to Aple.'s Arg. A)

As has been explained, the trial court's error was not complicated; she struck a valid affidavit and granted a summary judgment for breach of contract against a stranger to the contract. Appellant did not, and does not, think it necessary to cite a case stating that a stranger to a contract cannot breach that contract, but now has cited such a case.

The real reason Appellant did not write more in his initial brief was because he had no idea what arguments Appellees would make. At trial, they argued conclusory affidavit and lack of verified denial, both of which, Appellant contends, were wrong. On appeal, they have levied a host of new arguments. Appellant's brief was sufficient to apprize this Court of the trial court's error. This case must be reversed.

## PRAYER

For the foregoing reasons, Appellant request that the Court reverse the trial court's judgment, remand the case for a new trial, and grant Appellant such other and further relief to which he may be entitled.

Respectfully submitted,

**LAW OFFICE OF DAVID PIERCE**
7598 N. Mesa, Suite 202
El Paso, Texas 79912
Telephone: (915) 465-0912
Facsimile: (915) 613-3487

By:_____
**DAVID PIERCE**
State Bar No. 15992700
Attorneys for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(e) I hereby certify that this brief contains 1933 words. This is a computer-generated document created in Microsoft Word, using 14-point Times New Roman font for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____
**DAVID PIERCE**
State Bar No. 15992700
Attorneys for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this Monday, November 1, 2021, the foregoing document was electronically filed with the clerk of the Court and a true and correct copy was electronically served on the parties/attorneys of record listed through the efile.txcourts.gov system.

_____
**DAVID PIERCE**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Pierce
Bar No. 15992700
dpierce@davidpiercelaw.com
Envelope ID: 58741607
Status as of 11/2/2021 10:35 AM MST

Associated Case Party: JoseSalvadorHernandez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Pierce | | dpierce@dpiercelaw.com | 11/1/2021 5:11:00 PM | SENT |
| Ariana Morales | | amorales@davidpiercelaw.com | 11/1/2021 5:11:00 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Pierce | | dpierce@davidpiercelaw.com | 11/1/2021 5:11:00 PM | SENT |
| Blake Downey | | bdow@scotthulse.com | 11/1/2021 5:11:00 PM | SENT |

Associated Case Party: Arleon , LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francisco Ortega | | fort@scotthulse.com | 11/1/2021 5:11:00 PM | SENT |
| Blake Downey | | bdow@scotthulse.com | 11/1/2021 5:11:00 PM | SENT |